# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br>ESSAR STEEL MINNESOTA LLC and<br>ESML HOLDINGS INC.<br><br>Debtors. | Chapter 11<br>Case No. 16-11626 (BLS)<br>Jointly Administered |
| CLEVELAND-CLIFFS MINNESOTA<br>LAND DEVELOPMENT LLC,<br><br>      Plaintiff,<br><br>v.<br><br>SUPERIOR MINERAL RESOURCES LLC,<br>MIRANDA MINERAL RESOURCES, LLC,<br>and MESABI METALLICS COMPANY<br>LLC,<br><br>      Defendants. | Adv. Proc. No. 18-50416 (BLS)<br><br>**Re: Docket No. 6** |

M. Blake Cleary, Esq.
Michael S. Neiburg, Esq.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801

Robert S. Faxon, Esq.
Thomas Wearsch, Esq.
Kristin S.M. Morrison, Esq.
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190

*Attorneys for Cleveland-Cliffs Inc. and
Cleveland-Cliffs Minnesota Land
Development LLC*

Kathleen M. Miller, Esq.
SMITH, KATZENSTEIN & JENKINS
LLP
1000 West Street, Suite 1501
Wilmington, DE 19801

Charles K. Maier, Esq.
Phillip Bohl, Esq.
GRAY, PLANT, MOOTY, MOOTY &
BENNETT, P.A.
80 South Eighth Street
Minneapolis, MN 55402

*Attorneys for Superior Mineral
Resources LLC*

1

# OPINION[1]

Before the Court is a Motion to Dismiss (the "Motion") filed by Superior Mineral Resources LLC ("Superior"). Superior is a Defendant in this adversary proceeding alongside Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) (hereinafter "Mesabi" or the "Reorganized Debtor") and Miranda Mineral Resources LLC ("Miranda"). For the following reasons, the Court will GRANT Superior's Motion.

## I.    BACKGROUND

This adversary proceeding centers on a dispute regarding the right to mine taconite ore from land in the Mesabi Iron Range in Nashwauk, Minnesota. The relevant parcels of land and mining rights have changed hands through a series of leases and purchases over the course of the Mesabi's Chapter 11 reorganization.

On February 26, 2018, Cleveland-Cliffs Minnesota Land Development LLC ("Cliffs") filed a Complaint against Superior in the Ninth Judicial District Court in the County of Itasca, Minnesota ("Minnesota State Court"). At the time, Cliffs co-owned with Superior certain parcels of land ("Co-Tenant Fee Parcels") containing taconite ore in the Mesabi Range.

In addition, at the time the Complaint was filed Superior was also a co-owner of other parcels of land ("Co-Tenant Leased Parcels") alongside Glacier Park Iron Ore Properties LLC ("GPIOP"). GPIOP was not itself engaged in mining the Co-Tenant

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Complaint, which must be accepted as true for the purposes of this Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Leased Parcels. Rather, GPIOP and Cliffs had entered into an Operating Agreement that granted Cliffs, as lessee, the exclusive right to mine on the Co-Tenant Leased Parcels. In its Complaint before the Minnesota State Court, Cliffs sought a determination that it could mine taconite from the Co-Tenant Fee Parcels and from the Co-Tenant Leased Parcels (collectively, the "Land") under Minn. Stat. 560 by virtue, respectively, of its title to and its lease on the Land.

While the case was pending in the Minnesota State Court, Superior sold its ownership interests in the Land to Miranda. Significantly, as part of the sale Miranda and Superior entered a Mortgage, Security Agreement, and Assignment of Rents and Leases (the "Mortgage").[2] Pursuant to the Mortgage, Superior is the mortgagee and Miranda is the mortgagor only as to the Co-Tenant Leased Parcels. Miranda owns a fee simple interest in the Land, as demonstrated by Certificates of Title[3] that were properly filed with the Office of the Registrar of Titles.

Soon thereafter, Miranda entered into a lease with Mesabi that granted Mesabi an interest in the Co-Tenant Leased Parcels. Cliffs then filed an Amended Complaint with the Minnesota State Court adding Mesabi and Miranda as defendants. The action was subsequently removed to the United States Bankruptcy

---

[2] Filed and recorded with the Registrar of Titles, Document No. T000064264

[3] See Certificates of Title Nos. 21566 and 21567. AP Docket Nos. 1-2. On a 12(b)(6) motion, the Court will generally not take into consideration documents outside of the pleadings themselves. However, as an exception, a court may consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Miranda's Certificates of Title were attached to the Amended Complaint, expressly relied upon by Cliffs, and their authenticity is not in dispute. The Court will therefore consider them for purposes of this Motion.

Court for the District of Minnesota ("Minnesota Bankruptcy Court"). Mesabi then filed a motion to transfer venue to this Court, which was granted on April 26, 2018.

Superior filed the instant Motion to Dismiss while the case was pending in front of the Minnesota Bankruptcy Court, arguing that because it had released its possessory interest in the Land it is no longer subject to Minn. Stat. § 560. Cliffs objected to Superior's Motion to Dismiss, the parties filed briefs, and this Court heard argument and took the matter under advisement.

## II.   THE PARTIES' POSITIONS

Superior posits its Motion should be granted because it sold its ownership interests in the Land to Miranda. It asserts that Minn. Stat. § 560 applies only to an "owner," which the statute defines as one who has an "interest in the land as shown by a properly executed deed or a lease." As Superior no longer has a deed or a lease, it argues that it is not an owner and Cliffs has failed to state a claim against it.

In response, Cliffs argues that Superior maintains an interest in the Land through the Mortgage. Since the Mortgage gives Superior the power to foreclose on the Co-Tenant Leased Parcels and repossess the property in the event Miranda defaults, Cliffs contends that Superior has a future interest in the Land by operation of the Mortgage and that interest is sufficient under Minn. Stat. § 560. And in any case, it adds, Superior has a deed on the Land—the deed that existed prior to the conveyance to Miranda. Because Superior has a future interest through

the Mortgage and a past interest through its pre-conveyance deed, it is an "owner" or "owner of record" under Minn. Stat. § 560.

## III.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). The Court has the power to enter an order on a motion to dismiss even if the matter is non-core or the Court lacks authority to enter a final order. *See, e.g., Boyd v. Kind Par, LLC*, No. 1:11-CV-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions."). *See also In re Amcad Holdings, LLC*, 579 B.R. 33, 37 (Bankr. D. Del. 2017).

## IV.  STANDARD

Superior filed its Motion under Fed. R. Civ. P. 12(b)(6) (made applicable through Bankr. R. 7012) for failure to state a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Paul v. Intel Corp.* (*In re Intel Corp. Microprocessor Antitrust Litig.*), 496 F.Supp. 2d 404, 407 (D.Del 2007). When reviewing a motion to dismiss, the Court will construe the complaint "in the light most favorable to the plaintiff." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

## V.    ANALYSIS

The issue before the Court is whether Superior qualifies as an "owner" under Minn. Stat. § 560. It appears the parties agree that if Superior is an "owner" with an interest in the land, then its Motion should be denied. If Superior does not have an ownership interest, however, then it is not an "owner" under the Minnesota statute and Cliffs has failed to state a claim against Superior. Cliffs has properly alleged, and the parties agree, that the relevant land is Mineral Land as defined in Minn. Stat. § 560, that Cliffs has a properly executed lease with more than one year to run, and the interests of each party have been properly recorded with the Registrar of Titles in Itasca County.

To determine whether Superior is an "owner" the Court looks to Minnesota law. Minnesota Statute § 560 provides in relevant part:

> Subd. 1: The owner or owners of a half interest or more in mineral land that has more than one owner of record may bring an action for permission to mine the land.
>
> . . .

6

> Subd. 3: In this chapter, "owner" or "owner of record" of mineral land means one who has an interest in the land as shown by a properly executed deed or a lease having more than one year to run. The deed or lease must be of record in the county where the mineral land is.

Minn. Stat. § 560.01.

Cliffs articulates two theories by which it asserts Superior is an "owner of record." First, Superior has continuing rights in the land through the Mortgage, which Cliffs claims qualifies Superior as an "owner" for purposes of the statute. Separately, Cliffs posits Superior has a deed on the land for purposes of the Minnesota statute—namely, the former deed that was recorded prior to the conveyance to Miranda. Despite the conveyance and Miranda's fee simple interest, Cliffs argues Superior's former possession of the deed renders it a current "owner of record."

As to Cliffs' first argument, the Minnesota statute is clear: an interest held by an "owner of record" must be shown through a properly recorded deed or lease. On a plain language reading of the statute, the Mortgage does not demonstrate that Superior has an ownership interest under § 560 because it is neither a deed or a lease.

Cliffs' second theory is also unavailing. The Minnesota statute defines "owner of record" as an entity "who has an interest in the land"—not an entity who has *or has had* an interest in the land. The parties agree Superior transferred its ownership interest in the land through a quit claim in favor of Miranda, which then filed its Certificates of Title with the Office of the Registrar of Titles. Cliffs suggests

Minn. Stat. § 560 applies to previous owners because it "does not state that a previous owner that conveys the property through a quit claim deed has its original ownership extinguished for the purposes of the statute." [AP Docket No. 39]. Taking Cliffs' interpretation to its logical conclusion, any entity who has ever held a deed on this land could be named as a defendant in a § 560 action, regardless of whether it relinquished its ownership interest a year ago or a hundred years ago.

There is a dearth of case law addressing Minn. Stat. § 560, and there is nothing in the statute that might shed light on whether the Minnesota legislature intended for former title holders to be "owners" under the statute. For its part, Cliffs cites to Minn. Stat. § 508.25 for the proposition that Miranda's Certificates of Title did not fully extinguish Superior's interest in the land.  But § 508.25 provides that subsequent purchasers who receive a certificate of title "shall hold it free from all encumbrances and adverse claims" except any encumbrances noted in the most recent Certificate of Title. In other words, § 508 simply operates to protect subsequent good faith purchasers. It does not provide that a former owner retains an interest after it conveys land where it does not have an express and recorded encumbrance on the land.

In addition, the Court also notes Cliffs' interpretation would appear to conflict with other parts of the Minnesota statute. Minn. Stat. § 560.04, Subd. 3 provides:

> The balance of the receipts [from mining] must be prorated among all the owners of the mineral land according to their interests. An owner may demand payment after a monthly statement showing a surplus is filed.

Put more simply, a non-mining "owner" is entitled to some of the proceeds from the mining operation. If, for example, a non-mining entity owns 30% of the land, then it would be entitled to 30% of the profits. Accepting Cliffs' gloss on the statute, the distribution percentage of the profits would become very difficult to determine because Superior would be entitled to some distribution of the profits, but there would be no clear way to determine how much.[4]

Under Minnesota's canons of construction, "words and phrases are construed according to rule of grammar and according to their common and approved usage." Minn Stat. § 645.08. Minn. Stat. § 560 defines an owner as an entity that "has" an interest in the land as evidenced by a deed or a lease. Cliffs suggests that if Superior is dismissed from this action it may be forced to re-litigate this issue to "enforce a favorable ruling against Superior should Superior's interest transform into possession." [AP Docket No. 39]. That may be true. But those are not the facts at issue and the Court cannot predicate its ruling here upon a series of events that have not, and may never, come to pass. Absent any authority that would suggest an alternate interpretation, the Court finds Superior's former interest in the Land does not qualify as an ownership interest for purposes of § 560.

---

[4] Elsewhere, the statute requires that the Court "decide who are the owners of the land" and base its decision on "properly executed deeds or leases." Minn. Stat. § 560.02. Cliffs' definition of ownership would present yet another problem under that section. Cliffs argues Superior is an "owner" by virtue of the Mortgage, but the Court must disregard the Mortgage when it determines "ownership."

## VI.    CONCLUSION

Superior's Motion will be granted. The parties are requested to confer and provide a written form of order to the Court within 7 days of the date hereof in accordance with this ruling.

Dated: December 7, 2018
          Wilmington, Delaware

Brendan Linehan Shannon
United State Bankruptcy Judge